820

27534.   THIGPEN et al. v. STATE OF GEORGIA.

ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Schreiber & Rozier, C. Edwin Rozier,* for appellants.
*Dewey Hayes, District Attorney, Richard L. Moore, John G. Kopp,* for appellee.

JORDAN, Justice. *Code* § 32-905 reads in pertinent part as follows: "Any member of a county board of education shall be removable by the judge of the superior court of the county, on the address of two-thirds of the grand jury, for inefficiency, incapacity, general neglect of duty, or malfeasance or corruption in office, after opportunity to answer charges; the judges of the superior courts shall have the power to fill vacancies, by appointment, in the county board of education for the counties composing their respective judicial circuits, until the next session of the grand juries in

and for said counties, when said vacancies shall be filled by said grand juries." These provisions are from § 80 of the Code of School Laws (Ga. L. 1919, pp. 288, 322), and are part of a comprehensive statutory plan providing for grand jury election of the members of county boards of education (§ 77) having certain qualifications (§ 78) who are to receive a specified compensation (§ 79) and who could be removed by the grand jury in the manner and for the specified reasons set forth, their successors after removal also ultimately being a prerogative of the grand jury.

Our present Constitution, as adopted in 1945, gives constitutional status to county boards of education, providing for grand jury selection and the temporary filling of vacancies by secret ballot of the remaining members of the board, except a vacancy created by expiration of a term of office, until the next grand jury could appoint a successor. See Art. VIII, Sec. V, Par. I (*Code Ann.* § 2-6801). There is no specific provision in this paragraph of the Constitution for removal as set forth in *Code* § 32-905. Under the Constitution, all laws not inconsistent therewith remain in full force and effect until modified or repealed by the General Assembly. Art. XII, Sec. I, Par. III (*Code Ann.* § 2-8003). But as to those county officers "elected by the qualified voters" who "hold their offices for four years" the Constitution retains the same provisions as the Constitution of 1877 for removal "upon conviction for malpractice in office." See Art. XI, Sec. II, Par. I of the Constitution of 1945 (*Code Ann.* § 2-7901); Art. XI, Sec. II, Par. I of the Constitution of 1877 (*Code* § 2-8301).

By local amendments to the Constitution in 1964 and 1966 provisions were adopted especially for the Ware County Board of Education. The five members are "elected by the voters" in the area served by the school system "for terms of four years." If a vacancy occurs other than by expiration of a term of office, the remaining members are empowered to elect a successor to fill the unexpired term, but otherwise the 1966 amendment, which supersedes one paragraph of the 1964 amendment, provides: "Elections for

members of the Board of Education shall be held and conducted in the same manner as elections for other county officials are held." The last paragraph of the 1964 amendment was unaffected by the 1966 amendment and provides that the board as therein created "shall be subject to all constitutional and statutory provisions relative to county boards of education unless such provisions are in conflict with this amendment." Nothing appears in either amendment specifically covering removal from office.

We are of the opinion that the local amendments affecting Ware County, cited supra, clearly disclose an intent to create a new board composed of elected county officials serving terms of four years and therefore coming within constitutional and statutory provisions applicable to county officials elected for terms of four years. Viewed in this manner, the Ware County amendments are in conflict with *Code* § 32-905 and effectively eliminate the removal provisions of *Code* § 32-905 for application to members of the Ware County Board of Education and instead subject them to the removal provisions of Art. XI, Sec. II, Par. I of the Constitution.

The trial judge erred in overruling the motion to dismiss the petition.

*Judgment reversed. All the Justices concur.*